## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| DAN RIVER HOLDINGS LLC, *et al.*,[1] | ) | |
| | ) | Case No. 08-10726 (BLS) |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| _____ | ) | |
| JEOFFREY L. BURTCH, | ) | |
| CHAPTER 7   TRUSTEE, | ) | |
| | ) | Adv. Pro. No.   (BLS) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BEST TEXTILES ACQUISITION, LLC D/B/A | ) | |
| BEST TEXTILES INTERNATIONAL LTD. | ) | |
| AND BEST TEXTILES ACQUISITION II, LLC | ) | |
| D/B/A BEST TEXTILES INTERNATIONAL | ) | |
| LTD., | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT TO AVOID TRANSFERS
### PURSUANT TO 11 U.S.C. § 547 AND TO RECOVER
### PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550

Jeoffrey L. Burtch, Chapter 7 Interim Trustee (the "Trustee" and/or "Plaintiff") for the

bankruptcy estates (the "Estates") of Dan River Holdings LLC, *et al.* (the "Debtors"), Plaintiff in

this adversary proceeding, by his undersigned attorneys, in support of this Complaint to avoid

and recover preferential transfers against Best Textiles Acquisition, LLC d/b/a Best Textiles

International Ltd.  and Best Textiles Acquisition II, LLC d/b/a Best Textiles International Ltd.

(the "Defendants"), hereby alleges upon information and belief that:

### NATURE OF THE CASE

---

[1] The Debtors are the following entities: Dan River Holdings LLC, Dan River, Inc., Dan River Factory Stores, Inc., Dan River International Ltd. and The Bibb Company LLC.

1.      This Complaint seeks to avoid and recover from the Defendants, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for or on account of an antecedent debt made to or for the benefit of the Defendants by the Debtors during the ninety-day period prior to the filing of the Debtors' bankruptcy petition under 11 U.S.C. §§ 547 and 550. To the extent that the Defendants has filed a proof of claim or has a claim listed on the Debtors' schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtors or the Chapter 11 Estates, (collectively, the "Claim"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Plaintiff's right to object to such Claim for any reason, including, but not limited to, Section 502(a) through (j) of the Bankruptcy Code ("Section 502"), and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to Section 502 may be sought by the Plaintiff herein as further stated below.

## JURISDICTION

2.      This Court has subject matter jurisdiction over this adversary proceeding, which arises under Title 11, arises in, and relates to a case under Title 11, in the United States Bankruptcy Court for the District of Delaware, Case No. 08-10726 (BLS), pursuant to 28 U.S.C. §§ 157 and 1334(b).

3.      The claims and causes of action set forth herein concern the determination, allowance, disallowance, and amount of claims under 11 U.S.C. §§ 502, 547 and 550. This adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2).

2

4.      Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1409 in that this proceeding arises in and relates to a bankruptcy case pending in the district and the claims alleged herein arose in this district.

BACKGROUND

5.      On April 20, 2008, the Debtors commenced their respective reorganization cases (collectively, "Bankruptcy Cases") by filing voluntary petitions for relief under Chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware ("Court").

6.      On April 22, 2008, an Order was entered jointly administering the Debtors' cases (the "Cases") [Docket No. 15].

7.      On December 15, 2008, an Order was entered converting the Cases to cases under Chapter 7 of the Bankruptcy Code [Docket No. 511].

8.      On December 17, 2008, Jeoffrey L. Burtch was appointed as Chapter 7 Interim Trustee in the Cases, pursuant to Section 701 and is serving as the Trustee of this Estate pursuant to Section 702(d) of the Bankruptcy Code.

9.      Upon information and belief, the Defendant Best Textiles Acquisition, LLC:

(a)      is a corporation of the state of Delaware;

(b)      has a principal place of business located in Danville, VA;

(c)      has a mailing address at 2291 Memorial Dr., Danville, VA; and

(d)      Corporation Service Company is the Registered Agent with a mailing address at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

10.    Upon information and belief, the Defendant Best Textiles Acquisition II, LLC:

    (a)    is a corporation of the state of Delaware;

    (b)    has a principal place of business located in Danville, VA;

    (c)    has a mailing address at 2291 Memorial Dr., Danville, VA; and

    (d)    Corporation Service Company is the Registered Agent with a mailing address at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

## CLAIMS FOR RELIEF

### COUNT I

### (Avoidance of Preference Transfers - 11 U.S.C. § 547)

11.    The Plaintiff hereby incorporates all preceding paragraphs as if fully re-alleged herein.

12.    On or within 90 days prior to the Petition Date, the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashiers checks, wire transfers or otherwise to certain entities, including the Defendants.

13.    The Plaintiff has completed an analysis of all readily available information of the Debtors and is seeking to avoid all the transfers made by the Debtors to the Defendants within the 90 days preceding the Petition Date (the "Preference Period").

14.    The Plaintiff has determined the total amount paid to the Defendants during the Preference Period is not less than $109,941.93 (the "Transfers"), see attached payment history ("Exhibit A").

15.    During the course of this proceeding the Plaintiff may learn (through discovery or otherwise) of additional transfers made to the Defendants during the Preference Period.  It is the

4

Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in property or for the benefit of the Defendants or any other transferee. The Plaintiff reserves his right to amend this Original Complaint as to include: further information on the Transfers, additional Transfers, revision of Defendants's name, additional Defendants, and/or additional causes of action (i.e., but not exclusively, 11 U.S.C. §542, §544, §545, §548 and §549) (collectively the "Amendments"), that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this Original Complaint.

16.    The Defendants was a creditor of the Debtors at the time of the Transfers within the meaning of 11 U.S.C. § 101(10)(A). At the time of the Transfers, the Defendants had a right to payment on account of an obligation owed to the Defendants by the Debtors.

17.    The Transfers were to or for the benefit of the Defendants.

18.    The Transfers were for, or on account of, antecedent debts owed by the Debtors before such transfers were made.

19.    The Debtors were insolvent at all times during the 90 days prior to the Petition Date.

20.    As a result of the Transfers, the Defendants received more than it would have received if: (i) this case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendants received payment of such antecedent debts under the provisions of the Bankruptcy Code.

COUNT II

**(Recovery of Avoided Transfers - 11 U.S.C. § 550)**

21.     The Plaintiff hereby incorporates all preceding paragraphs as if fully re-alleged herein.

22.     Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b).

23.     The Defendants was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

24.     Pursuant to 11 U.S.C. § 550(a), the Plaintiff is entitled to recover from the Defendants the Transfers, plus interest thereon to the date of payment and the costs of this action.

COUNT III

**(Disallowance of all Claims - 11 U.S.C. § 502(d) and (j))**

25.     The Plaintiff hereby incorporates all preceding paragraphs as if fully re-alleged herein.

26.     The Defendants is an entity from which property is recoverable under Section 550 of the Bankruptcy Code.

27.     The Defendants is a transferee of Transfers avoidable under Sections 547 of the Bankruptcy Code.

28.     The Defendants has not paid the amount of the Transfers, or turned over such property, for which Defendants is liable under Section 550 of the Bankruptcy Code.

29.     Pursuant to 11 U.S.C. § 502(d), any and all Claims of the Defendants against the Estate or the Plaintiff must be disallowed until such time as the Defendants pays to the Plaintiff an amount equal to the aggregate amount of all the Transfers, plus interest thereon and costs.

30.     Pursuant to 11 U.S.C. § 502(j), any and all Claims of the Defendants, and/or its assignee, against the Estate or the Plaintiff previously allowed by the Debtors or the Plaintiff,

must be reconsidered and disallowed until such time as the Defendants pays to the Plaintiff an amount equal to the aggregate amount of all the Transfers.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court grant him the following relief against Defendants:

A.       Avoiding the Transfers described above as preferences under 11 U.S.C. § 547(b);

B.       Granting judgment in favor of the Plaintiff against the Defendants in an amount of $109,941.93;

C.       Requiring the Defendants immediately to pay this amount to the Plaintiff pursuant to section 550(a) of the Bankruptcy Code;

D.       Disallowing any Claims of the Defendants, and/or its assignee, if it refuses to turn over any transfers to the Plaintiff pursuant to Section 502;

E.       Awarding pre-judgment and post judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

F.       Granting the Plaintiff such other and further relief as the Court deems just and proper.

*[Remainder of this page intentionally left blank]*

/s/ Robert W. Pedigo
Robert W. Pedigo (#4047)
COOCH AND TAYLOR, P.A.
The Brandywine Building
1000 West Street, 10th Floor
P.O. Box 1680
Wilmington, DE 19899-1680

Direct: 302.984.3832
Fax: 302.984.3939
rpedigo@coochtaylor.com

Attorneys for Jeoffrey L. Burtch, Chapter 7 Trustee
of Dan River Holdings LLC, *et al.*

February 12, 2010